# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**ELIZABETH L. PERRIS**  
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700  
PORTLAND, OREGON 97204  
(503) 326-1536

DIANE K. BRIDGE, LAW CLERK  
MATTHEW MERTENS, LAW CLERK

February 26, 2014

Susan S. Ford  
Sussman Shank LLP  
1000 SW Broadway, Ste. 1400  
Portland, OR 97205

James P. Laurick  
Kilmer, Voorhees & Laurick  
732 NW 19th Ave.  
Portland, OR 97209

      Re: <u>Michael Holcomb</u>, Case No. 13-36272  
           <u>Gary Holcomb</u>, Case No. 12-37701  
           In camera review

Dear Counsel:

The purpose of this letter is to give you my ruling following my review of (1) the engagement letters for Michael and Nancy Holcomb; (2) the engagement letter for Gary Holcomb; and (3) the allocation of fees between Michael and Nancy Holcomb.

1. <u>Engagement letters</u>

Sussman Shank and Kilmer, Voorhees & Laurick assert that their engagement agreements with Michael, Nancy, and Gary Holcomb contain confidential information protected from disclosure by the ethics rules, communications protected by the attorney-client privilege, and information that is protected work product.

Pursuant to Fed. R. Civ. P. 26, a party may obtain discovery of "any nonprivileged matter that is relevant" to the party's claim or defense. Fed. R. Civ. P. 26(b)(1). Information that is confidential under the state ethics rules is discoverable, but it is subject in this case to the protective order arising out of my ruling at the January 16, 2014, hearing.

As I explained in my letter to Mr. Hoevet ruling on production of his engagement letter, federal attorney client privilege applies to communications by the client made in confidence to the attorney in connection with the attorney's representation of the client. <u>In re Fischel</u>, 557 F.2d 209, 211 (9th Cir. 1977). Fee agreements are generally not privileged. The identity of the client, the amount of the fee, and the general purpose of the work to be performed are not protected, although information revealing the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, are protected. <u>Clarke v. Amer. Commerce Nat'l Bank</u>, 974 F.2d 127, 129 (9th Cir. 1992). Therefore, some of the information contained in the engagement letters may be privileged and protected from production in discovery.

Fed. R. Civ. P. 26(b)(3)(A) protects from production "documents and tangible things that are prepared in anticipation of litigation or for trial," absent a showing of substantial need and inability to obtain a substantial equivalent by other means. The test is whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. <u>Hercules, Inc. v. Exxon Corp.</u>, 434 F.Supp. 137, 151 (D. Del. 1977). Client engagement letters are not prepared in anticipation of litigation or for trial. Therefore, the material in the engagement letters is not protected work product.

    A.    <u>Kilmer, Voorhees & Laurick</u>

There is a single engagement letter for Gary Holcomb. I have reviewed the redactions and reach the following conclusions. My references to paragraphs are to full paragraphs. For example, ¶ 1 will refer to the first full paragraph on the page.

    Page 1, ¶ 2:    This paragraph is protected. It reveals the client's motive in seeking representation, and does not relate to the scope of employment or the fee agreement.

    Page 1, ¶ 3:    The final sentence is not privileged. It merely sets out the scope of employment, which was disclosed in the application for compensation.

Susan S. Ford
James P. Laurick
February 26, 2014
Page 3

    Page 1, ¶ 4:    This paragraph is not privileged. It merely sets out the scope of employment.

    Page 2, ¶ 1-4:    These paragraphs are protected. They include some legal analysis and advice. Further, matters not included in the engagement are not relevant to what matters were included.

    Page 2, ¶ 5:    Most of this paragraph is not privileged. It merely discusses staffing of the case and does not reveal any privileged communication. However, the fourth sentence is privileged; it reveals the specific nature of the services provided. The fourth sentence may be redacted.

    Page 3, ¶ 1:    This paragraph is not privileged. It merely discusses the basis for determining the fees to be charged.

    Page 4, ¶ 3:    This paragraph is not privileged. It relates to the amount of the retainer to be charged and does not reveal any confidential communications. Mr. Laurick may, however, redact the portion of the first sentence that was stricken, but not the handwritten portion that was substituted. The stricken portion could reveal negotiations about fees between the attorney and client, and in any event is not part of the engagement agreement.

    Page 4, ¶ 4:    The paragraph that was stricken may be redacted. It may reveal some confidential negotiation with the client about fees, and in any event is not part of the engagement agreement. The handwritten substitute language is not privileged and may not be redacted.

    Page 5, ¶ 1:    This paragraph is not privileged. It merely discloses the law firm's conflict check.

    Page 5, ¶ 2:    This paragraph is not privileged. It merely discusses how future communications between attorney and client should be handled but

                       does not reveal any confidential communications.

Page 5, ¶ 4:   The first two sentences are not privileged. The final sentence was stricken, so could reveal some negotiation about the fee agreement and in any event is not a part of the agreement. It may be redacted.

    B.    <u>Sussman Shank</u>

Sussman Shank submitted five engagement letters to the court for review. Although some of them were transmitted via email, I will treat them as letters and identify them by date.

As I explained above, the engagement letters, although confidential, are not privileged in whole, nor are they work product. Therefore, the letters must be provided to the UST, subject to the protective order, with redactions only as allowed below. My references to paragraphs are to full paragraphs on the page. For example, if I refer to ¶ 2, I mean the second full paragraph on the page.

I note that my copies of the first letter, dated September 11, 2012, are missing page 2. If there are no redactions on that page, it should be produced to the UST along with the other pages of the letter. If there are redactions, Sussman Shank should provide the missing page 2 to the court for in camera review.

**September 11, 2012 Letter**:

There were no redactions in this letter. It shall be produced, subject to the protective order.

**September 28, 2012 Letter**:

There is one redaction in this letter, on page one. The first two sentences of the redacted paragraph are not privileged; they do not reveal any legal advice but merely set out the terms of engagement. The remaining sentences in the paragraph are privileged; they contain legal advice. The first two sentences may be redacted; the remainder of the paragraph may be redacted.

### October 22, 2012 Letter:

All of the redactions in this letter are of privileged content. The material redacted either reveals legal analysis or advice, case strategy, the specific nature of the services to be provided, or confidential communications from the client. The letter shall be produced, with redaction.

### November 5, 2012 Letter:

The redactions in this letter are, for the most part, the same as the redactions in the October 22, 2012 letter, and are subject to the same analysis and ruling. It appears that there are differences on pages 2 and 4.

Page 2, ¶ 2: The difference from the October 22, 2012, letter is in the second sentence. The new material is covered by the attorney-client privilege; it disclosures the specific nature of the services to be rendered.

Page 4, ¶ 3.a. The redacted last sentence of the first paragraph under the heading "Retainer" is covered by the attorney-client privilege. It contains legal analysis and advice.

In the second paragraph of this section, the first two sentences are privileged; they contain legal advice and reveal communication from the client to the lawyer. The third and fourth sentences are not privileged, except that the material contained in the parentheses in both sentences is privileged. The information in parentheses reveals client communication. The material in parentheses may be redacted; the remainder of the two sentences may not.

### January 4, 2013 Letter:

Page 1, ¶ 1: The redacted material is covered by the attorney-client privilege. It reveals communication from the client to the attorney and includes some legal analysis.

Susan S. Ford
James P. Laurick
February 26, 2014
Page 6

    Page 1, ¶ 2:    Most of the redacted paragraph is not protected; it does not reveal the client's motive in seeking representation, litigation strategy, or the specific nature of the services provided. The portion of the first sentence beginning with "notwithstanding" and continuing to the end of that sentence, however, is privileged, in that it discloses some legal analysis and advice. It may be redacted.

    Page 2, ¶ 2:    The first part of the second sentence under the heading "Consent" is not privileged. The final phrase, beginning after "Hoevet, Boise and Olson," is protected by attorney-client privilege, because it reveals some legal analysis and advice.

The engagement letters shall be produced to the UST, with redactions as allowed above, and subject to the protective order that protects confidential communications.

2. <u>Allocation of fees between Michael and Nancy Holcomb</u>

I have reviewed the billing statement of Nancy Holcomb and have compared the fees charged to her for services that appear on Michael Holcomb's billing statement as "allocated." Ms. Ford represented that the allocations were 50/50 between the two clients. Although the vast majority of the allocated fees are split 50/50, there were a few billings that were not equally split. Those billings appear in the chart below.

**Entries that are not split 50/50**

| DATE | AMOUNT ALLOCATED TO MICHAEL (IN HOURS) & ATTORNEY | MICHAEL'S MATTER NUMBER | AMOUNT ALLOCATED TO NANCY (IN HOURS) |
|---|---|---|---|
| 5/20/13 | .50 SSF | 001 | .00 |
| 5/20/13 | .50 TWS | 001 | 1.00 |
| 5/22/13 | .40 MSP | 001 | .70 |
| 5/22/13[1] | .40 MSP | 002 | .70 |

---

    [1]    This duplicates the billing on matter 001.

Susan S. Ford
James P. Laurick
February 26, 2014
Page 7

| Date | Hours | Atty | Matter | Allocated |
|---|---|---|---|---|
| 12/18/12 | 3.40 | SSF[2] | 003 | 2.40 |
| 3/8/13 | .50 | SSF | 003 | .00[3] |
| 4/8/13[4] | .80 | SSF | 003 | .70 |
| 4/18/13 | .60 | SSF[5] | 003 | .00 |
| 4/21/13 | 4.40 | SSF | 003 | .00 |
| 4/22/13 | .40 | MPG | 003 | .00[6] |
| 4/30/13 | .90 | SSF | 003 | .25[7] |
| 4/30/13 | .40 | SSF | 004 | .25[8] |
| 5/11/13 | .10 | SSF | 004 | .20[9] |
| 5/16/13 | .70 | SSF[10] | 004 | .00 |

    This information should be sufficient for the UST to determine whether the amount of fees charged that were allocated were reasonable, without needing to see Nancy Holcomb's billing records.

---

    [2]    Total time billed was 3.40. Michael's billing does not allocate. Nancy's billing says it is allocated, but she is charged 2.40, not 50%.

    [3]    All itemization for this date is redacted on Nancy's billing. No individual charge for that day for SSF matches .50.

    [4]    These are the portions of the day's fee entry that says it is allocated.

    [5]    This is a duplicate billing on Michael's statement for the same day.

    [6]    This may be an error in redaction; there is a .40 hour billing on Nancy's statement for that date from MPG, but the itemization is redacted.

    [7]    Charge to Nancy is not clear; it appears that the portion of billing to Nancy relating to same work as on Michael's billing is 1/2 of .5 hours.

    [8]    Charge to Nancy is not clear; it appears that the portion of billing to Nancy relating to same work as on Michael's billing is 1/2 of .5 hours (together with billing in 003, Nancy is charged .5 total for 4/30).

    [9]    Bill discloses that 2/3 allocated to Nancy.

    [10]    This is a duplicate billing for 5/16/13.

Susan S. Ford
James P. Laurick
February 26, 2014
Page 8

    3.    <u>Conclusion</u>

Within seven days of the date of this letter, the law firms shall produce to the UST the engagement letters, redacting only those portions authorized to be redacted as outlined above. The engagement letters are subject to the protective order and shall be kept confidential and used only as allowed by the protective order.

Nancy Holcomb's billing records need not be produced. The UST has the information necessary to assess the reasonableness of Michael Holcomb's allocated fees.

                                        Very truly yours,

                                        ELIZABETH L. PERRIS
                                        Bankruptcy Judge

cc:  P. Rebecca Kamitsuka
     David W. Criswell
     R. Scott Palmer
     Matthew A. Goldberg
     Margot D. Seitz